**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

JAMES DEAN CHRISTEN
ADC #084753                                                          PLAINTIFF

V.                                        NO: 1:06CV00005 GH/HDY

SWINGLE                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), on February 1, 2006, filed this *pro se* complaint alleging that Defendant violated his constitutional rights.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a

plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Plaintiff's claims

Plaintiff contends that an x-ray that was ordered in July of 2000, was not completed for eight days.  Apparently, Plaintiff was punched in the face by another inmate, which led Plaintiff to seek medical treatment.  Grievance forms indicate that Defendant ordered an x-ray, but it was not completed in a timely fashion, and Plaintiff's grievance was found to have merit.  Thus, according to the evidence submitted, Defendant ordered the x-ray, but it was not completed by staff.  Plaintiff seeks $100.00 for his pain and suffering.

## III.  Analysis

From the grievance forms Plaintiff included with his complaint, it would appear that Defendant ordered x-rays to be taken, but they were not completed by staff.  If that is true, it is difficult to see any wrongdoing by Defendant.  Regardless of Defendant's role in the alleged denial of the x-rays, Plaintiff's complaint must be dismissed.  According to Plaintiff's complaint, the alleged denial of the x–rays occurred in July of 2000, more than five years ago.  Whatever the merits of Plaintiff's claims, the events complained of took place more than three years before he filed this lawsuit.  The statute of limitations for § 1983 actions in Arkansas is three years.  *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991).  Accordingly, Plaintiff's action is barred by the

statute of limitations, he has failed to state a claim upon which relief may be granted, and his complaint must be dismissed.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __17__ day of February, 2006.

_____
UNITED STATES MAGISTRATE JUDGE